FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 23, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00135-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana C. Madsen represents Lee S. (Plaintiff); Special Assistant United States Attorney Summer Stinson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES,** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on September 22, 2014. Tr. 75, 85. He alleged disability since September 29, 2013 on his DIB application, Tr. 165, and

ORDER GRANTING DEFENDANT'S MOTION - 1

August 1, 2012 on his SSI application, Tr. 172.[1]  Upon application, he alleged the following conditions limited his ability to work: titanium shoulder; shoulder surgeries; weight limits for lifting; blood pressure; back problems from a car accident at age 11; on the job shoulder injury in October of 2004; acid reflux; and Barrett's esophagus.  Tr. 197.  The applications were denied initially and upon reconsideration.  Tr. 110-13, 115-20.  Administrative Law Judge (ALJ) Stewart Stallings held a hearing on September 21, 2016 and heard testimony from Plaintiff and vocational expert Diane Kramer.  Tr. 30-65.  The ALJ issued an unfavorable decision on March 9, 2017.  Tr. 15-24.  The Appeals Council denied review on February 27, 2018.  Tr. 1-5.  The ALJ's March 9, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c).  Plaintiff initiated this action for judicial review on April 27, 2018.  ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 42 years old at the alleged date of onset, September 29, 2013.  Tr. 165.  He completed his GED in 1988 and received training through Job Corps.  Tr. 198.  His reported work history includes assistant manager at a fuel station, labor jobs, and janitorial work.  Tr. 198, 208.  When applying for benefits Plaintiff reported that he stopped working on September 29, 2013 because of his conditions.

---

[1]Despite alleging two different onset dates on his applications, Social Security has consistently represented his alleged onset to be September 29, 2013.  Tr. 15-24, 66, 76, 86, 97.  Plaintiff does not challenge the onset date.  ECF Nos. 14, 16.  Therefore, the Court treats September 29, 2013 as the alleged onset date for both the DIB and the SSI applications.

Tr. 197.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments

prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled". 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On March 9, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from September 29, 2013 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 29, 2013, the alleged date of onset. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairments: left shoulder, status post three surgeries; sleep apnea; chronic obstructive pulmonary disease; back pain; and Barrett's esophagus. Tr. 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of sedentary work with the following limitations:

> [H]e needs to be able to shift positions from sitting, standing, or walking once an hour for 5 minutes while remaining at his work station. With his left upper extremity, he can frequently push and pull, reach in all directions, finger, and handle. He can frequently climb ramps and stairs, occasionally stoop, kneel, crouch, or crawl, and never climb ropes, ladders, or scaffolds. He should avoid frequent exposure to

> extreme cold and heat, occasional exposure to use of moving or dangerous machinery and unprotected heights, and all exposure to driving motor vehicles at work.

Tr. 18-19. The ALJ identified Plaintiff's past relevant work as service station attendant, siding applicator, building maintenance repairer, roofer, order filler, bench grinder, courier, and meat cutter and found that he could not perform this past relevant work. Tr. 22.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of surveillance system monitor, document preparer, and final assembler. Tr. 23-24. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from September 29, 2013, through the date of the ALJ's decision. Tr. 24.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by failing to properly weigh Plaintiff's symptom statements and the medical opinions. Additionally, Plaintiff argues that the errors are harmful and that the proper remedy is to remand for an immediate award of benefits. ECF No. 14.

///
///
///
///
///
///

# DISCUSSION[2]

## 1. Plaintiff's Symptom Statements

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were not supported in the record. ECF No. 14 at 13-14.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 20. Specifically, the ALJ concluded that (1) Plaintiff's statements were not supported by the objective evidence, (2) Plaintiff's statements were inconsistent with his reported activities, and (3) there was a pattern of deceptive behavior in connection with his use of narcotics. Tr. 20-21. The ALJ concluded that Plaintiff's statements were "not

---

[2]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

fully consistent with the record. As the claimant's statements are not consistent, his statements concerning his pain, his symptoms, and his limitations are not persuasive." Tr. 21.

### A. Objective Medical Evidence

Plaintiff challenges the ALJ's finding that the objective medical evidence did not support his alleged impairments and their corresponding symptoms were not supported by the objective medical evidence. ECF Nos. 14 at 14, 16 at 5-7.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole reason for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

In his opening brief, Plaintiff argues that this reason alone is insufficient to support the ALJ's rejection of his symptom statements. ECF No. 14 at 14. In his Reply briefing, Plaintiff argues that the medical evidence set forth in the Statement of Facts and Medical Evidence sections of his Motion for Summary Judgment sufficiently shows that the ALJ's finding was not supported by substantial evidence. ECF No. 16 at 5-7.

Plaintiff's lack of argument in his Motion for Summary Judgment is concerning. He dedicated eight pages to summarizing the record, ECF No. 14 at 3-17, only to set forth his argument in a single paragraph containing two sentences:

> The ALJ suggests that [Plaintiff's] symptoms and limitations are not supported by objective medical evidence. (TR 22) The Ninth Circuit Court of Appeals has held that improper is a matter of law [sic] for an

> ALJ to discredit excess pain testimony solely on the grounds that it is
> not corroborated by objective medical findings.

ECF No. 14 at 14 *citing Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986). This is insufficient for the Court to identify Plaintiff's challenges to the ALJ's finding. It fails to set forth any error on the part of the ALJ. Here, the ALJ provided three reasons for rejecting Plaintiff's symptom statements. Therefore, Plaintiff's argument that the ALJ cannot rely solely on this reason lacks traction in this case. Additionally, it can be read as admitting that the medical evidence did not support Plaintiff's statements.

Inadequate briefing aside, the ALJ failed to adequately support this reason in his decision. The ALJ summarized Plaintiff's symptom statements, Tr. 19-20, found that "[t]he claimant has several physical impairments, but the medical evidence of record does not show these impose disabling limitations," Tr. 20, and then summarized the medical evidence, Tr. 20-21. He did not link any specific testimony to specific evidence to demonstrate any inconsistences. The Ninth Circuit has stated that "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. The "clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) *citing Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002). Therefore, without clearly linking specific testimony to specific medical evidence demonstrating an inconsistency, the ALJ fell short of the required standard.

Despite this error by the ALJ, the Court will not disturb his treatment of Plaintiff's symptom statements because the ALJ provided another legally sufficient reason for rejecting Plaintiff's symptom statements. *See Carmickle*, 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported

by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

### B. Reported Activities

The ALJ's second reason for rejecting Plaintiff's symptom statements, that his reported activities were inconsistent with his alleged severity of symptoms, is not specific, clear and convincing.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

Here, the ALJ found that Plaintiff's activities were "not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." Tr. 20. In doing so, he addressed both that Plaintiff's activities contradicted his testimony and that his activities demonstrated physical functions transferable to a work setting. First, he found Plaintiff's reported ability to do all the household chores, cook, do dishes, change diapers, shovel snow, garden, and care for three young children to be inconsistent with his symptom statements. *Id*. The ALJ then provided the following eight citations to the record: an August 18, 2014 treatment record in which Plaintiff reported he was able to care for the kids, Tr. 338; a December 23, 2013 treatment note stating he was able to be the primary caregiver for his daughter, Tr. 342; a July 31, 2014 treatment note in which he stated that he

ORDER GRANTING DEFENDANT'S MOTION - 9

could not be admitted to the hospital because he had to help at home with the kids, Tr. 389; a January 12, 2015 treatment record in which Plaintiff stated he had aggravated his back by shoveling snow, Tr. 435; the Consultative Evaluation by Dr. Arnold in which Plaintiff reported being a fulltime stay at home parent, Tr. 440, and his reported activities including preparing food, washing dishes, changing diapers, grocery shopping, playing darts, attending children's soccer games, and gardening, Tr. 442; a June 26, 2015 treatment report in which he reported his medications allowed him to care for the kids while his wife worked, Tr. 507; and a Function Report in which he stated he prepares bottles, changes diapers, dresses children and prepares their meals., Tr. 220-27. Next, the ALJ found that Plaintiff's role as primary caregiver to his children "is inconsistent with his allegation that he is disabled, because childcare requires many of the same skills as full-time work, such as concentration, stamina, physical strength, time management, social skills, and mental acuity." Tr. 20.

Despite setting forth several examples of Plaintiff's reported activities, the ALJ failed to state how these activities were inconsistent with his allegations. The general finding that these activities are "inconsistent with his allegation that he is disabled," fails to specifically identify what portion of the Plaintiff's testimony is disproved by the activities. *See Lester*, 81 F.3d at 834 ("the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Therefore, this reason is not specific, clear and convincing.

However, the Court will not disturb the ALJ's treatment of Plaintiff's symptom statements because he provided another legally sufficient reason to reject Plaintiff's symptom statements. *See Carmickle*, 533 F.3d at 1163; *Batson*, 359 F.3d at 1197; *Tommasetti*, 533 F.3d at 1038.

    C.    **Deception to Obtain Narcotics**

The ALJ's third reason for rejecting Plaintiff's symptom statements, that he demonstrated a pattern of deception to obtain narcotics placing his reports of pain

in doubt, is specific, clear and convincing.

An ALJ may properly consider evidence of a claimant's substance use in assessing his symptom statements. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding); *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (ALJ properly considered drug-seeking behavior).

On August 18, 2014, Plaintiff's UA tested positive for amphetamines and methamphetamines. Tr. 312. The following month, Plaintiff stated that he was cleaning up a meth rental prior to testing and wondered if that is how it got into his system. Tr. 335. In June of 2015, testing revealed Plaintiff did not have any opioids in his system despite having a prescription for opioids. Tr. 507. In January of 2016, Plaintiff's urine sample for drug screening was described as water. Tr. 519. On April 25, 2016, his urine tested positive for meth. Tr. 523. Upon being confronted about the test results, he admitted he paid someone for the urine tested in April and admitted to doing cleanses before his January test. *Id*. Following this, he was no longer prescribed opioids. Tr. 525.

The Court notes that Social Security Ruling 16-3p precludes the ALJ from examining a claimant's character but requires the ALJ to address the supportability a claimant's symptom statements. Here, the ALJ found that Plaintiffs "pattern of deception calls into question whether the claimant is actually experiencing pain or has he been alleging pain to obtain more narcotics." Tr. 21. Therefore, by linking Plaintiff's behavior to his complaints of pain the ALJ's determination is in line with S.S.R. 16-3p. This is a specific, clear and convincing reason to reject Plaintiff's symptom statements.

///

## 2. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions. ECF No. 14 at 15. However, Plaintiff's argument consists of a recitation of caselaw and failed to address any specific opinion in the record. *Id*. When addressing Plaintiff's symptom statements, Plaintiff argued that the ALJ's reliance on the checklist forms completed by nonexamining doctors from the Disability Determination Services (DDS) in rejecting the opinions of treating physicians was improper. ECF No. 14 at 14. However, Plaintiff failed to identify the opinions the ALJ supposedly rejected in favor of the nonexamining doctors from DDS. *Id*. First, an ALJ is not required to provide an explanation for accepting an opinion but must provide an explanation for rejecting an opinion. S.S.R. 96-8p ("The [residual functional capacity] assessment must always consider and address medical source opinions. If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Second, Plaintiff failed to identify any opinion that the ALJ rejected.

Without a specific argument addressing the ALJ's erroneous treatment of a provider's opinion, the Court will not disturb the ALJ's treatment of the medical opinions. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on

which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[3] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the court declines to consider this issue.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant** and the file shall be **CLOSED**.

DATED May 23, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

---

[3] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A)